**FILED**

JUL - 9 2009

Clerk, U.S. District and
Bankruptcy Courts

1

2

3

4

5              In the District Court of the United States

6                 for the District of Columbia

7     Richard-Enrique: Ulloa
      Non-Domestic-Mail/ In-Care-Of
8     1094 Morton Blvd.                    Case: 1:09-cv-01272
      Kingston, New York [Near 12401]      Assigned To : Sullivan, Emmet G.
9              Plaintiff                   Assign. Date : 7/9/2009
                                           Description: Pro Se Gen. Civil
10

11

12              vs.                        **ACTION OF
                                           REPLEVIN
13                                         UNDER ARTICLE
                                           THREE OF THE
14    MID HUDSON VALLEY FEDERAL            AMERICAN CONST.
      CREDIT UNION, and Does I through X,  AND AN ORDER TO
15    Inclusive,                           RETURN PERSONAL
                                           PROPERTY**
16              Defendants

17    _____/

18

19    1. Notice is given that the above action of replevin is being filed to preserve the

20    petitioner's exclusive interest in his private property against those who have acted beyond

21    the scope of their authority and powers and have taken action to levy a Savings account

22    without lawful authority, without a security interest in the subject property, the Savings

23    account and with judicial due process and without regular procedures being followed in

24    accordance with law. The Defendants do not have standing to lien property or levy

25    property, under any federal or state law and have no equity or interest, nor do they have a

26    security interest or security device giving them an interest in the subject property, my

27

28

Savings account.  This matter is filed in the above captioned court by Richard-Enrique: Ulloa, a living, breathing, flesh and blood man, against The MID HUDSON VALLEY FEDERAL CREDIT UNION, who is claiming that they have the right to take private property, my Savings account, without due process of law and with any security agreement in place between the parties authorizing the unlawful seizure of money from the Savings account. The Defendant, The MID HUDSON VALLEY FEDERAL CREDIT UNION and Does I through X seized $ 37,900.00 (see EXHIBIT A) from my Savings account, Account number 200519070, and is depriving me, the Plaintiff of my personal property, a Savings account held at The MID HUDSON VALLEY FEDERAL CREDIT UNION, hereinafter, MHVFCU, which is all of my life savings and accumulated wealth. They have deprived me of my rights to enjoy the fruits of my labor in an occupation of common right, which is my accumulated wealth held in account number 200519070.

2. The above-captioned action alleges a personal property claim affecting my Savings account, property that is normally considered to be the property of the account holder, unless there is a security device or security agreement in place, giving the Defendants a security interest in the subject property. The subject property is a Savings account, held at MHVFCU, Account Number 200519070 for Richard-Enrique: Ulloa, a natural flesh and blood man. The defendants seized all of the money in the subject property, my savings account, without due process of law, and without a security agreement in place to accomplish this act with the authority of law. The Defendants have acted without a security agreement, and without any kind of security device between the parties and without a final ruling in a court of law, as required under Article Three of the Constitution for the United States of America, and under Article Three of the US

Constitution, as well as the Fifth, Seventh and Fourteenth Amendment to the US

Constitution. See <u>Lynch v. Household Finance Corp.</u>; 405 US 538 (1972) for affirmation

that the US Supreme Court has asserted that money held in a Savings account or a

savings account held in a bank cannot be taken from the account holder without judicial

due process of law. A security agreement between the Plaintiff and Defendants involving

a Note and Mortgage did not make any bank balances held in the name of the Plaintiff a

security for the bank loan between the parties.

3. COMES NOW the Plaintiff, Richard-Enrique: Ulloa, a private man, in his private

capacity, and states as follows:

## I.   JURISDICTION

4. The District Court of the United States for the District of Columbia has jurisdiction

over this action pursuant to, and jurisdiction is hereby invoked under, Article Three of the

Constitution for the United States of America, of 1787, as described in the Commentaries

on the Constitution, by Joseph Story, who states that Article Three of the United States

Constitution provides for courts which are convened under the course of the common

law. Additionally, <u>Callan v. Wilson</u>, 127 U.S. 540, (1888) <u>states: "And as the guaranty of</u>

<u>a trial by jury, in the third article, implied a trial in that mode, **and according to the**</u>

<u>**settled rules of common law**"</u>. This suit being authorized by the United States

Constitution Article Three. This is an action of Replevin, demanding the return, of

Plaintiffs private property, the savings account, held in the name of Richard-Enrique:

Ulloa, privileges, and immunities secured by the Constitution for the United States of

America, specifically by the due process clause of the Fourteenth Amendment thereto, which invokes the due process clauses of the Fourth and Fifth Amendments to said constitution upon the States and the federal government and guarantees to all private citizens the freedom of private property and the separate and, distinct common law jurisdiction of this Court in accord with the rules of the common law related to fiduciary duties.

5. The Plaintiff asserts claims arising under the Constitution and laws of the United States, including specifically the due process clauses of the Fourth, Fifth, and Fourteenth Amendments. The District Court also has supplemental jurisdiction over any state law claims pursuant to Article Three of the Constitution for the United States of America, since the state-law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the said Constitution. **This is the only common law court in the United States of America and thus in Article Three of said constitution I am entitled to access to this court as the only court that has a lawful remedy under the course of the common law, and as the only common law court in the United States of America.** Furthermore, under the Fifth Amendment and Seventh Amendment to said constitution, the Defendants have no standing to take property without due process of law, which includes a trial by the jury for any controversy that exceeds $ 20.00 [twenty] dollars.

6. The Plaintiff asserts claims arising under the Constitution and laws of the United States, including specifically the due process clauses of the Fourth, Fifth, Seventh and Fourteenth Amendments. The District Court also has supplemental jurisdiction over any

state law claims pursuant to Article Three of the Constitution for the United States of America, since the state-law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the said Constitution. *This is the only common law court in the United States of America and thus in Article Three of said constitution I am entitled to access to this court as the only court that has a lawful remedy under the course of the common law.* Furthermore, under the Fifth Amendment to said constitution, the Defendants have no standing to take property without due process of law.

## II. VENUE

7. Venue is proper in this district pursuant to 28 U. S.C. § 1391 (b) and (c). The only common law court in the United States of America is in this district, a substantial part of the events and errors and omissions giving rise to the claim occurred as a result of the issuance of public currency by the Defendants, who acted under the authority of the Federal Reserve Act of 1913, and which is regulated by the US Treasury Department, through the Comptroller of the Currency, located in this district. The Defendant was operating as a quasi government agency under the Federal Reserve Act of 1913.

## III. PARTIES

8. I, the Plaintiff, Richard-Enrique: Ulloa, appearing here in my private capacity, am a member of the private sector of America and not an officer of any government or an officer of any private corporation privileged to exist by any government, but a member of

1   the private citizenry of the many nations existing here upon this land in North America

2   and not resident in the United States nor in any of its political subdivisions.

3

4   9. The Defendant, MHVFCU, is a self-governing corporation, domiciled in New York

5   State existing under the original American Constitution for The United States of America

6   and under their Federal Charter, by way of the Federal Reserve Act of 1913. Doe

7   Defendants I through X are those people who assisted or enabled the primary Defendant,

8   MHVFC to seize the subject property without due process of law and without any

9
    security interest in the subject property.
10

11

12

13                        IV.  STATEMENT OF FACTS OF THE CASE

14

15  10. This action is brought by me, Richard-Enrique: Ulloa, acting in my private capacity in
16
    this matter, as a private citizen domiciled in New York State. The Defendant named in this
17
18  complaint have exceeded their authority, acted outside the scope of their authority, violated

19  my rights and violated the law, by claiming to have standing to take my entire Savings

20  account without due process of law, and without adhering to or being faithful to their own

21  administrative rules and statutes, which prohibit such actions.

22

23

24  11. Additionally, the Defendant has, acted without a security agreement, and without any

25  kind of security device between the parties and without a final ruling in a court of law, as

26  required under Article Three of the Constitution for the United States of America, and

27  under Article Three of the US Constitution, as well as the Fifth, Seventh and Fourteenth

28

1    Amendment to the US Constitution. See <u>Lynch v. Household Finance Corp.</u>; 405 US 538

2    (1972) for affirmation that the US Supreme Court has asserted that money held in a

3    Savings account or a savings account held in a bank cannot be taken from the account

4    holder without judicial due process of law.

5

6

7    12. The Defendants seized $ 37,914.61 from Account Number 200519070, a Savings

8    Account held by me, the Plaintiff, Richard-Enrique: Ulloa. The Subject property, Savings

9    Account Number 200519070 held by me, Richard-Enrique: Ulloa, and was confiscated by

10   the Defendant without a court order, without a trial by jury, and without any kind of

11   security device or security agreement between The Plaintiff and the Defendant, which

12   authorized such a seizure of assets. The Defendants seized the subject property without

13   due process of law in violation of the Fifth, Seventh and Fourteenth Amendment to the

14   US Constitution. The Defendants either knew or should have known that they are

15   required to afford us judicial due process and have a duty to do so in accordance with the

16   rules of the common law and the Fifth, Seventh and Fourteenth Amendments to the US

17   Constitution, and Article Three of the Constitution for the United States of America and

18   Article Three of the US Constitution.

19

20

21   13. The Defendant appears to have taken the actions they took in seizing the subject

22   property in an effort to collect a mortgage debt, secured by land and a home. The security

23   agreement between the Plaintiff and Defendant involving a Note and Mortgage created a

24   security interest in land and a home, which is my principal residence and did not make

25   any bank balances, held in the name of the Plaintiff, security for the bank loan between

26

27

28

the parties. As a result, the seizure of the subject property, the Savings Account, is an act of fraudulent conversion, whereby the Defendant took deceptive actions to make the Plaintiff believe that they have the authority to seize money held in a savings account, even though the subject savings account was not included as part of any security agreement between the parties. The Defendants either knew or should have known that there was no security agreement between the parties giving them a security interest in my savings account at the MID HUDSON VALLEY FEDERAL CREDIT UNION. The Defendants have a duty to refrain from seizing money in my savings account, where they have no security interest in the subject property.

14. In a foreclosure action filed in state court in New York, the Defendant has failed to respond to a subpoena, which requires them to produce the original promissory note with a wet ink signature. This proves that the Defendant is not the holder-in-due-course of the original promissory note, has sold the note in the secondary market for promissory notes and, therefore, does not have standing to foreclose. Please see **Exhibit B** for a copy of the subpoena. The Defendants either knew or should have known that they do not have the original promissory note in their possession and are not the holder in due course of the original promissory note with wet ink signatures and therefore they have no standing to sue for foreclosure and no right title or interest in the subject property and no right to seize the subject property, the savings account.  Parties giving them a security interest in my savings account at the MID HUDSON VALLEY FEDERAL CREDIT UNION. The Defendants have a duty to refrain from seizing money in my savings account, where they have no security interest in the subject property.

1

2

3 V. FIRST CLAIM FOR RELIEF

4 (Violation of Due Process Rights)

5

6 15. The Plaintiff restates and incorporates by reference all of the allegations otherwise set

7 forth in this Complaint in the preceding paragraphs.

8

9

10 16. This Complaint requests prospective declaratory relief and an order to return the

11 subject property, money held in a privately held savings account held in the name of the

12 Plaintiff at MID HUDSON VALLEY FEDERAL CREDIT UNION in order to prevent

13 the Defendants' continuing violation of constitutional and federal law by applying and

14 enforcing the provisions of Title 26, USC that do not apply and have no force and effect

15 on people who are domiciled in one of the several states of the Union of states known as

16 the United States of America. The Defendants has mailed many notices to me and they

17 claim to have authority to impose a levy on my savings account, and seize the money held

18 within that account without any lawful authority and without providing me with several

19 within that account without any lawful authority and without providing me with several

20 important elements of due process of law, trial by jury, access to a judicial process, trial

21 by jury, and an agreement in writing giving them a security interest in the subject

22 property. The Defendants seized the subject property without due process of law in

23 violation of the Fifth, Seventh and Fourteenth Amendment to the US Constitution. The

24 Defendants either knew or should have known that they are required to afford us judicial

25 due process and have a duty to do so in accordance with the rules of the common law and

26 the Fifth, Seventh and Fourteenth Amendments to the US Constitution, and Article Three

27

28

of the Constitution for the United States of America and Article Three of the US

Constitution.

17. The Defendants named in this complaint have exceeded their authority, acted outside the

scope of their authority, violated my rights and violated the law, by claiming to have standing

to take all of the money in my savings account without due process of law, and without

adhering to or being faithful to their own administrative rules and statutes, which prohibit

such actions.

18. Additionally, the Defendants either knew or should have known that they did not have a

security interest in the savings account that was seized in an effort to obtain payment of an

alleged debt owed by the Plaintiff to MHVFCU.

19. The Defendant has failed to supply any material evidence that they are the holder-in-

due-course of the original promissory note signed by me in securing a bank loan for the

purchase of the land and home, which is my primary residence. The Defendant has been

served with a subpoena, issued by a state court in New York, commanding them to

produce the original promissory note. As of the date of the filing of this action of replevin

the Defendants have failed to produce the original note for my inspection. The failure, by

the Defendants to produce the original promissory note proves that they have sold the

note and are attempting to enforce the note and mortgage even though they have no

standing. The Defendants either knew or should have known that they are required to

produce the original promissory note as a part of affording me judicial due process and

have a duty to do so in accordance with the rules of the common law and the Fifth,

Seventh and Fourteenth Amendments to the US Constitution, and Article Three of the

Constitution for the United States of America and Article Three of the US Constitution.

20. It is well understood, in the mortgage banking industry that banks convert the

promissory note, signed by their loan customers, into a negotiable instrument, by

stamping the words "pay to the order of" on the back of the original note. This note is

then deposited in the bank or credit union in the same way that a paycheck or cash is

deposited into a checking account. The promissory note becomes a source of cash and

funds the loan. Thus the transaction is changed so that the loan becomes a mutual loan

between the lender and the borrower. This important detail changes the terms and

conditions of the loan and is never revealed to the borrower. This changes the cost and

risk to the borrower. Consequently, the bank or credit union does not incur a financial

loss or damages as a result of a borrower failing to repay a bank loan.

21. This is also true because the actual cost of creating money is negligible, and "the raw

materials the banks use cost them nothing", see **Exhibit C**, page 23, The House Banking

and Currency Committee Report, issued in September 1964. In addition, the Defendant,

MHVFCU, has acted in pursuance of enforcement of a bank loan, which is built on a loan

of credit and predicated upon the conversion of a promissory note, signed by me, which

was turned into a cash deposit by the original lender, and which was used to fund the

loan. CPAs and bank officers are very aware that the borrower and the lender in a home

loan transaction create a mutual loan between the lender and borrower, based upon the

fact that neither depositor money nor pre-existing bank deposits or bank assets are used to

fund the loan. Instead, the bank creates a series of book keeping entries designed to reflect the economic activity of the bank loan and supply funding from the borrowers promissory note. The promissory note is the only asset in the lending process that has any cash value. The note represents the future earnings potential of the borrower, and thereby has cash value.

22. This is done because the currency in circulation today is not backed by silver and gold and they have to create an accounting system that records the transaction without revealing too much to the public about the source of the funding for the fiat currency in circulation. The banks are given the exclusive powers to create money under the Federal Reserve Act of 1913 and do not have any actual costs involved in creating this currency, See **Exhibit C,** page 23.

23. Based upon the foregoing, the Defendants have not incurred a financial loss or damages. The Defendants have received payment in full for the original note because they have created a mutual loan between the lender and the borrower and have no reason to collect any further money from me.

24. The Defendants did not have a security interest in my savings account, based upon an agreement in writing between the parties whereby the Plaintiff agreed to make the savings account security for the note and mortgage.

25. The US Supreme Court has said that a creditor cannot seize a bank account without judicial due process, and a final ruling in a court of law. See <u>Lynch v. Household Finance Corp.</u>; 405 US 538 (1972).

1

2

3 26. Additionally, the US Supreme Court, in <u>Monterey v. Del Monte Dunes</u>, 526 U.S. 687,

4 at pages 708-709, 119 S. Ct. 1624 (US Supreme Ct., 1999), stated that any case in which

5 legal rights are determined must be heard by a jury, pursuant to the Seventh Amendment

6 to the US Constitution. The above-cited ruling disposes of any notion that the Respondent

7 afforded me due process in the form required by the Seventh Amendment.

8

9 *27.* MHVCU *and others, not currently known.* at one point advertised that they have

10 lawful money in their possession, available to loan to the Plaintiffs. The Plaintiff was

11 contacted by MHVCU and said party offered to make such a loan of lawful money, which

12 they reported to have in their possession. The Plaintiff relied upon said advertised offer

13 and statements of MHVCU. and accepted their offer of lawful money. Thereafter,

14 MHVCU. with full knowledge and intent, and knowing that their offers were false and

15 misleading, drew up a note and deed of trust, which the Plaintiffs relied upon to be true

16 and correct. Soon after that, without full disclosure and without the Plaintiffs consent and

17 agreement, MHVCU. stamped the words "Pay to the Order Of" on the promissory note in

18 the same manner as one would endorse a check, and opened a demand deposit account in

19 the name of the Plaintiff.

20

21 28. One of the Defendants then deposited the said loan amount in that account as an asset

22 to fund the loan, without full disclosure.  This act violated generally Accepted

23 Accounting Principles (GAAP), since under that system of bookkeeping is used by all of

24 the banks, and requires that every asset be balanced and offset by a liability.

25

26 29. The Defendant listed the promissory note as an asset of the lender, without also listing

27 it as a liability of the lender, as is customary when a paycheck or cash is deposited. This

28

1  act of endorsement of the promissory note without full disclosure was a defect in the

2  bookkeeping records. The Defendants based their claim upon a mortgage contract (Deed

3  of Trust), which is in its very nature fraudulent. There is no valuable consideration in the

4  existing mortgage contract, because there was nothing of intrinsic value loaned in the

5  agreement. The Defendants loaned Federal Reserve notes, which are commercial paper

6  pursuant to a decision by the United States Supreme Court, see Clearfield Trust Company

7  v US; 318 US 363. The mortgage contract violates Article One, Section Ten of the US

8  Constitution and the Constitution for the united States of America. The mortgage contract

9  violates The Coinage Act of 1792. In the united States of America, no state can make

10  anything but gold and silver coin a tender in payment of debt, see Federal Const. Art. 1

11  Sec.10. Gold and silver coin has intrinsic value, and is exclusively lawful money in the

12  united States of America. The Mortgage contract (deed of trust) did not provide for the

13  loaning of gold and silver coin, and did not provide for the repayment of the debt in gold

14  and silver coin, as required under our Federal Constitution, Art. 1, Sec. 10, and is

15  therefore not a lawful contract, because something other than gold and silver coin was

16  made a tender in payment of debt.  The mortgage contract, note and deed of trust is

17  unconstitutional, see Woodruff v. Mississippi; 162 US 291;16 S. Ct. 820; 40 L. Ed. 973;

18  Julliard v Greenman; 110 US 421, at 447, 4 S Ct. 122, 28 L. Ed. 204, See also Knox v

19  Lee; 79 US (12 Wall 457, 20 L. Ed 287. The actions of the Defendants described above,

20  amount to an act of denial of due process because they collected money from me,

21  Richard-Enrique: Ulloa, the Plaintiff, and then proceeded to foreclose, even though the

22  alleged loan is a mutual laon between the lender and the borrower.

23

24

25  VI. SECOND CLAIM FOR RELIEF

26  (Fraudulent conversion)

27

28

30. The Plaintiff restates and incorporates by reference all the allegations otherwise set forth in this Complaint in the preceding paragraphs.

31. The Defendant has failed to supply any material evidence that they are the holder-in-due-course of the original promissory note signed by me in securing a bank loan for the purchase of the land and home, which is my primary residence. The Defendant has been served with a subpoena, issued by a state court in New York, commanding them to produce the original promissory note. As of the date of the filing of this action of replevin the Defendants have failed to produce the original note for my inspection. The failure, by the Defendants to produce the original promissory note proves that they have sold the note and are attempting to enforce the note and mortgage even though they have no standing. The Defendants either knew or should have known that they are required to produce the original promissory note as a part of affording me judicial due process and have a duty to do so in accordance with the rules of the common law and the Fifth, Seventh and Fourteenth Amendments to the US Constitution, and Article Three of the Constitution for the United States of America and Article Three of the US Constitution. The Defendants acts to seize my money held in a savings account in their savings account is an act of fraud whereby they have attempted to deceive me into relying upon information that is designed to make me believe that they have authority to seize my assets without due process of law, even though they no longer possess the original note and they have taken these action to seize my property without judicial due process.

32. It is well understood, in the mortgage banking industry that banks convert the promissory note, signed by their loan customers, into a negotiable instrument, by

stamping the words "pay to the order of" on the back of the original note. This note is then deposited in the bank or credit union in the same way that a paycheck or cash is deposited into a checking account. The promissory note becomes a source of cash and funds the loan. Thus the transaction is changed so that the loan becomes a mutual loan between the lender and the borrower. This important detail changes the terms and conditions of the loan and is never revealed to the borrower. This changes the cost and risk to the borrower. Consequently, the bank or credit union does not incur a financial loss or damages as a result of a borrower failing to repay a bank loan.

33. This is also true because the actual cost of creating money is negligible, and "the raw materials the banks use cost them nothing", see **Exhibit C**, page 23, The House Banking and Currency Committee Report, issued in September 1964. In addition, the Defendant, MHVFCU, has acted in pursuance of enforcement of a bank loan, which is built on a loan of credit and predicated upon the conversion of a promissory note, signed by me, which was turned into a cash deposit by the original lender, and which was used to fund the loan. CPAs and bank officers are very aware that the borrower and the lender in a home loan transaction create a mutual loan between the lender and borrower, based upon the fact that neither depositor money nor pre-existing bank deposits or bank assets are used to fund the loan. Instead, the bank creates a series of book keeping entries designed to reflect the economic activity of the bank loan and supply funding from the borrowers promissory note. The promissory note is the only asset in the lending process that has any cash value. The note represents the future earnings potential of the borrower, and thereby has cash value.

34. This is done because the currency in circulation today is not backed by silver and gold and they have to create an accounting system that records the transaction without revealing too much to the public about the source of the funding for the fiat currency in circulation. The banks are given the exclusive powers to create money under the Federal Reserve Act of 1913 and do not have any actual costs involved in creating this currency, See **Exhibit C,** page 23.

35. Based upon the foregoing, the Defendants have not incurred a financial loss or damages. The Defendants have received payment in full for the original note because they have created a mutual loan between the lender and the borrower and have no reason to collect any further money from me.

36. The Defendants did not have a security interest in my savings account, based upon an agreement in writing between the parties whereby the Plaintiff agreed to make the savings account security for the note and mortgage.

37. The US Supreme Court has said that a creditor cannot seize a bank account without judicial due process, and a final ruling in a court of law. See Lynch v. Household Finance Corp.; 405 US 538 (1972).

38. Additionally, the US Supreme Court, in Monterey v. Del Monte Dunes, 526 U.S. 687, at pages 708-709, 119 S. Ct. 1624 (US Supreme Ct., 1999), stated that any case in which legal rights are determined must be heard by a jury, pursuant to the Seventh Amendment to the US Constitution. The above-cited ruling disposes of any notion that the Respondent afforded me due process in the form required by the Seventh Amendment.

1

2   39. MHVCU *and others, not currently known.* at one point advertised that they have

3   lawful money in their possession, available to loan to the Plaintiffs. The Plaintiff was

4   contacted by MHVCU and said party offered to make such a loan of lawful money, which

5   they reported to have in their possession. The Plaintiff relied upon said advertised offer

6   and statements of MHVCU. and accepted their offer of lawful money. Thereafter,

7   MHVCU. with full knowledge and intent, and knowing that their offers were false and

8   misleading, drew up a note and deed of trust, which the Plaintiffs relied upon to be true

9   and correct. Soon after that, without full disclosure and without the Plaintiffs consent and

10  agreement, MHVCU. stamped the words "Pay to the Order Of" on the promissory note in

11  the same manner as one would endorse a check, and opened a demand deposit account in

12  the name of the Plaintiff.

13

14  40. One of the Defendants then deposited the said loan amount in that account as an asset

15  to fund the loan, without full disclosure.  This act violated generally Accepted

16  Accounting Principles (GAAP), since under that system of bookkeeping is used by all of

17  the banks, and requires that every asset be balanced and offset by a liability.

18

19  41. The Defendant listed the promissory note as an asset of the lender, without also listing

20  it as a liability of the lender, as is customary when a paycheck or cash is deposited. This

21  act of endorsement of the promissory note without full disclosure was a defect in the

22  bookkeeping records. The Defendants based their claim upon a mortgage contract (Deed

23  of Trust), which is in its very nature fraudulent. There is no valuable consideration in the

24  existing mortgage contract, because there was nothing of intrinsic value loaned in the

25  agreement. The Defendants loaned Federal Reserve notes, which are commercial paper

26  pursuant to a decision by the United States Supreme Court, see <u>Clearfield Trust Company</u>

27  <u>v US;</u> 318 US 363. The mortgage contract violates Article One, Section Ten of the US

28

1     Constitution and the Constitution for the united States of America. The mortgage contract

2     violates The Coinage Act of 1792. In the united States of America, no state can make

3     anything but gold and silver coin a tender in payment of debt, see Federal Const. Art. 1

4     Sec.10. Gold and silver coin has intrinsic value, and is exclusively lawful money in the

5     united States of America. The Mortgage contract (deed of trust) did not provide for the

6     loaning of gold and silver coin, and did not provide for the repayment of the debt in gold

7     and silver coin, as required under our Federal Constitution, Art. 1, Sec. 10, and is

8     therefore not a lawful contract, because something other than gold and silver coin was

9     made a tender in payment of debt.  The mortgage contract, note and deed of trust is

10     unconstitutional, see Woodruff v. Mississippi; 162 US 291;16 S. Ct. 820; 40 L. Ed. 973;

11     Julliard v Greenman; 110 US 421, at 447, 4 S Ct. 122, 28 L. Ed. 204, See also Knox v

12     Lee; 79 US (12 Wall 457, 20 L. Ed 287. The actions of the Defendants described above,

13     amount to an act of denial of due process because they collected money from me,

14     Richard-Enrique: Ulloa, the Plaintiff, and then proceeded to foreclose, even though the

15     alleged loan is a mutual loan between the lender and the borrower. These acts of seizure

16     of my savings account based upon a foreclosure of the bank loan is fraud because the loan

17     is a mutual loan between the lender and the borrower, and the Defendant, MHVFCU has

18     ben paid a long time ago.

19

20     42. The acts of fraud by the Defendant were both actual and constructive, see Re

21     Arbuckle's Estate, 98 Cal App 2d 562; 220 P 2d 950; 23 ALR 2d 372.  The Defendant

22     engaged in a series of actions which constitute fraud and resulted in damages to the

23     Plaintiffs, and are thereby actionable as fraud, see Montana Dakota Utilities Company v.

24     Northwestern Public Service Co., 341 US 246; 95 L. Ed912; 72 S. Ct. 692; Johnston v.

25     Venturini, 294 F. 836 (CA 3) Lichtenburg v. Burdell, 101 Cal App 20; 281 P. 518;

26     Gafney v. Graf, 73 Cal App 622, 238P 1054. The Defendant engaged in deceitful tortious

27     acts by which false representations were made with the intent to deceive and were relied

28

1   upon by the Plaintiffs to invest in The Defendants business with the result that the

2   Plaintiffs were damaged by the loss of principal and interest. Thus all of the elements of

3   fraud are present for the fraud to be actionable, see Farrar v. Churchill, 135 US 609; 34 L.

4   Ed. 246; 10 S. Ct. 771; Stewart v Wyoming Cattle Ranche Co., 128 US 383; 32 L Ed

5   439; 9 S. Ct. 101; Ming v. Woolfolk, 116 US 599; 29 L Ed 29 L. Ed 740; 6 S. Ct. 489; ;

6   Johnston v. Venturini, 294 F. 836 (CA 3); Pain v. Kiel, 288 F 527(CA 8) Davis v.

7   Louisville Trust Co.,  181 F 10 (CA6); North Carolina Mut. Life Ins. Co. v Plymouth

8   Mut. Life Ins. Co., 266 F Supp. 231 (DC Pa); Meeks v. Garner, 93 Ala 17; 8 So. 378;

9   Sanders v. Stevens; 23 Ariz. 370; 203 P. 1083.

10

11

12                              RELIEF REQUESTED

13       WHEREFORE, the Plaintiff prays as follows:

14   43. That the Court enter judgment that federal law prohibits the application or

15   enforcement of the seizure by the Defendants of my savings account prior to any judicial

16   due process and without evidence that the Defendant MHVFCU is currently the holder-

17   in-due-course of the original note. in any manner that violates the due process rights of a

18   citizen and prohibits or impairs the rights to ownership of any personal property is an

19   unlawful confiscation of the subject personal property. That the Defendants are without

20   standing, and are not allowed taking any personal property, including my savings account

21   without due process of law. I ask for a writ of replevin ordering the return of all property

22   seized unlawfully from my savings account described above at MID HUDSON VALLEY

23   FEDERAL CREDIT UNION.

24

25

26

27

28

44. That the Court enter judgment that the Defendant lacks jurisdiction and authority to seize and to levy my savings account, or do anything in any manner that prohibits and/or impairs the use by the Plaintiff of my private property including, but not limited to my savings account.

45. That the Court enter judgment that any effort by Defendants to enforce the foreclosure in a manner that prohibits and/or impairs the Plaintiff's use of the subject personal property, the savings account, constitutes an act in excess of the Defendants' authority and of any authority that the Defendants can lawfully confer under the laws of the United States of America.

46. That the Court preliminarily and permanently order the Defendants to return any and all money that was taken from me, held in my savings account by their unlawful levyand seizure of mysavings account described above and to be ordered to refrain from withholding any and all money from me, held in the above described savings account in the future.

47. That the Court award the Plaintiff its cost of suit and counsel fees from Defendants and all other expenses caused by Defendants to the extent authorized by law and $75,800 (fifteen thousand dollars) for interfering with Plaintiff's private life and private property.

48. That the Court award Plaintiff a permanent court order of cease and desist as requested herein.

49. That the Court grant the Plaintiff such other relief as the Court may deem

proper.

Dated On the _____ day of the _____ month in the
year of our Lord ~~two thousand~~ and nine.

By _____

**Sign Manual**

# Verification

    I have read the *ACTION OF REPLEVIN UNDER ARTICLE THREE OF THE AMERICAN CONST. AND AN ORDER OF CEASE AND DESIST* and know the contents thereof to be true: and the same is true of my own knowledge. except to the matters which are therein stated on my information and belief, and as to those matters I believe them to be true. The foregoing is true. correct, complete and not misleading.

Sealed by the voluntary act of my own hand on this_____ day of the
_____ month, in the Year of our Lord. two thousand and nine. in the fourth century of the Independence of America.

Richard-Enrique: Ulloa

**ACKNOWLEDGEMENT**

State New York          )
                        )        Sworn and Subscribed
County of Ulster        )

On _July 9, 2009_____, before me _Katherine A. Cairo Davis_

_____personally appeared _Richard Ennyin Mba_

____✓ [Personally known to me or proved to me on the basis of satisfactory evidence] to be

the person(s) whose name(s) is/ are subscribed to the within instrument and acknowledged to

me that he/she/they executed the same in his/her/their authorized capacity/ capacities and that

by his/ her/ their signature(s) on the instrument the person(s), or the entity on behalf of which

the persons acted, executed the instrument.

Witness my hand and official seal.

Signature _Katherine J. C. Davis_

Name of Office: _Notary Public_

KATHERINE A. CAIRO DAVIS
Notary Public, State of New York
4843340
Qualified in Ulster County
Commission Expires 5/31/2009